OPINION OF THE COURT
Patrick J. McGrath, J.
The above-named defendant stands charged with the violation of disorderly conduct in violation of section 240.20 (3) of the Penal Law. The defendant filed a motion to dismiss on September 27, 1991, and the People filed an affirmation in opposition thereto on October 21, 1991.
*661 The defendant alleges there is a legal impediment to conviction since the statute is overbroad and impermissibly vague based on the recent decision of People v Dietze (75 NY2d 47). The Dietze case held that the harassment statute dealing with abusive language was invalid for overbreadth under both the State and Federal Constitutions because the statute, on its face, prohibits a substantial amount of constitutionally protected expression and because its continued existence presents a significant risk of prosecution for the mere exercise of free speech. The court also held that the harassment statute could not be construed to only applying to "fighting words” or other words which, by themselves, inflicts substantial personal injury. An attempt by the court to so limit the statute would be tantamount to wholesale revision of the Legislature’s enactment, rather than prudent judicial construction.
The disorderly conduct statute proscribes using "abusive or obscene language” or making an "obscene gesture” in a public place with "intent to cause public inconvenience, annoyance or alarm, or recklessly create a risk thereof’. (Penal Law § 240.20 [3].) Such language is unconstitutionally overbroad since on its face it prohibits a substantial amount of constitutionally protected expression, and because its continued existence presents a significant risk of prosecution for the mere exercise of free speech. At the least, any proscription of pure speech must be sharply limited to words which, by their utterance alone, inflict injury or tend naturally to evoke immediate violence or other breach of the peace. Accordingly, the defendant’s motion to dismiss the charge is granted and section 240.20 (3) of the Penal Law is held to be unconstitutionally overbroad and invalid.